# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MARTINEZ,<br><br>                Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | CASE NO. 06cv1088 BTM (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** |

On May 18, 2006, Plaintiff Ruben Martinez filed a complaint against Defendant Jo Anne B. Barnhart, then Commissioner of Social Security, seeking that Defendant's decision to deny Plaintiff disability benefits under Title II of the Social Security Act be set aside and that Plaintiff be allowed to receive such benefits or, alternatively, that this Court remand the case to Defendant for a new hearing. On July 20, 2007, Plaintiff filed a motion for summary judgment and, on August 17, 2007, Defendant filed a cross-motion for summary judgment.[1] The Court, having considered the submissions of the parties, and upon review of the administrative record ("AR"), finds this matter suitable for decision without oral argument pursuant to CivLR 7.1(d)(1).

---

[1] On September 7, 2007, Plaintiff filed a late opposition to Defendant's cross motion. Six days later he filed a request for extension of time to file his late opposition. Since the request indicates that the Defendant had no opposition to Plaintiff filing his late opposition, the Court hereby **GRANTS** Plaintiff's motion for extension of time [Doc. #24] and has considered Plaintiff's late-filed opposition in reaching this determination.

For the reasons discussed below, the Court **DENIES** Plaintiff's motion, and **GRANTS** Defendant's motion.

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act in July 2004. His application was denied initially and on reconsideration. Plaintiff then filed a request for an administrative hearing, which was held on August 9, 2005. In a decision dated November 22, 2005, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's request for benefits under Title II. The ALJ found that, while Plaintiff suffered from impairments which limited his work activities,[2] these impairments did not prevent him performing his past relevant work as a bakery manager or security guard. Therefore, Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of the decision." (Decision of ALJ at 5; Administrative Record ("AR") at 19.) Plaintiff then requested a review by the Appeals Council, which was denied. Having exhausted his administrative remedies, Plaintiff filed the instant complaint.

## II.   STANDARD OF REVIEW

The Commissioner's denial of benefits may be set aside if it is based on legal error or is not supported by substantial evidence. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance. Id. Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

---

[2] In particular, the ALJ found that Plaintiff established that he suffered from: (1) "severe" spinal stenosis and degenerative disc disease of his lumbar spine, for which he was status-post failed spinal fusion; (2) right shoulder pain, which continued to present difficulties even after surgery because the joint had not reunited; (3) coronary artery disease for which he is status-post angioplasty and stenting; (4) diabetes mellitus which is well controlled with no evidence of any severe end-organ damage; and (5) obesity. (AR 15-19.)

**III.   DISCUSSION**

In his motion for summary judgment, Plaintiff contends that: (1) the ALJ's finding that he had past relevant work as a bakery manager is based on legal error and is not supported by substantial evidence; and (2) the ALJ's finding that he could perform his past relevant work as a bakery manager and security guard is based on legal error and is not supported by substantial evidence.  As discussed below, the Court finds that the ALJ's decision was supported by substantial evidence and was not based on legal error.

### A.   Plaintiff's Past Relevant Work as a Bakery Manager

Plaintiff argues that the ALJ's determination that he has past relevant work as a bakery manager is in error.  He points to the Dictionary of Occupational Titles ("DOT") entry for bakery manager, which specifies that the Specific Vocational Preparation ("SVP") for this position is level 8.  (See Attachment A to Pl.'s Mem. at 2; Doc. #18-3.)  A level 8 position is one requiring "over 4 years up to an including 10 years" of training by a "typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance."  See DOT Appendix C - Components of the Definition Trailer.  Plaintiff argues that he only had three years of experience as a bakery manager, and that he performed the duties of manager less than half the workday.  Thus, he argues, he has not performed the job long enough for it to qualify as past relevant work.

The Social Security disability regulations specify: "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 CFR 404.1560(b)(1).  Thus, to find that a prior occupation qualifies as past relevant work only requires that a claimant have worked in the occupation "long enough . . . to learn to do it."  In this case, substantial evidence supports the ALJ's determination that Plaintiff worked as a bakery manager long enough to qualify as past relevant work.  Plaintiff worked as a baker for five years from 1981 to 1986, and then again from 1990 to 2002.  For the last two to three years of his latest bakery stint, he worked as a manager. His duties as manager appear to have comprised: (1) supervising the counter

help, including scheduling, disciplining, reviewing, and preparing personnel reports; and (2) handling inventory and reporting for management, including preparing sales reports. (AR 315.) While Plaintiff testified that these managerial tasks only took up about three hours of his workday, with the rest spent strictly baking, the ALJ, assisted by the opinion of the vocational expert (AR 315), determined that Plaintiff's work qualified him as a bakery manager. The Court finds that substantial evidence exists to support the ALJ's determination that Plaintiff worked as a bakery manager long enough to learn how to do it.

This determination does not ignore the fact that the SVP specifies 4 to 10 years of training for the position. Rather, the Court notes that the training required to be a bakery manager includes the time required to learn to be a baker. Plaintiff worked as a baker for nearly 10 years before he added the duties of bakery manager. The ALJ's determination that such substantial bakery experience, coupled with 2-3 years of experience in managerial tasks, qualifies Plaintiff for a position that generally requires 4+ years of training is a reasonable conclusion based upon the record.

### B. Plaintiff's Ability to Perform his Past Relevant Work

Plaintiff also argues that the ALJ's determination that he could perform the duties of his past work as a security guard was in error. He argues, based upon the DOT entry for security guard, that the job requires frequent reaching, including above-the-shoulder reaching. (See Attachment B to Pl.'s Mem. at 3; Doc. #18-4.) Plaintiff claims that he is incapable of any above-the-shoulder reaching, and cites the ALJ's residual functional capacity finding as support. The ALJ explicitly found: "Nonexertionally, the claimant is precluded from any above-the-shoulder work with his right upper extremity. . . ." (AR 19.)

The Court finds that the ALJ's determination regarding Plaintiff's ability to perform his past work as a security guard is supported by substantial evidence. The record reflects that the job of a security guard, as Plaintiff actually performed it, does not require overhead reaching. In his own "Work History Report," Plaintiff indicated that his job as a security guard did not include any reaching; just walking, standing, sitting and writing. (AR 86.) Moreover,

it does not appear that Plaintiff's failure to include reaching was a mere oversight, as Plaintiff indicated on the surrounding pages that his bakery positions involved reaching every hour of the workday. (See AR 85 and 87.)

The relevant inquiry for purposes of determining whether a person is disabled at Step 4 of the Social Security sequential evaluation is "whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either *as the claimant actually performed it* or as generally performed in the national economy." 20 CFR 404.1560(b)(2) (emphasis added) (referring to the expert opinion a vocational expert may offer). See also 20 CFR 404.1520(f) ("Your impairment(s) must prevent you from doing your past relevant work."); Social Security Ruling 82-61 ("[W]here the evidence shows that a claimant retains the [residual functional capacity] to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be 'not disabled.'"); Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (relying upon Social Security Ruling 82-61). This individualized inquiry, focused as it is on a claimant's own ability to perform his past relevant work, renders the DOT description of the job of a security guard superfluous in this instance. Thus, the determination that Plaintiff is able to perform his past work as a security guard is supported by substantial evidence. This determination does not rely upon a finding that Plaintiff could perform the requisite amount of reaching involved in security guard work, despite his right-shoulder limitation, since no reaching was involved in his prior work as he actually performed it.

Even if the Court were to credit Plaintiff's argument regarding the requirement of frequent "reaching", which is set out in the DOT's security guard description, the ALJ's decision would still be supported by substantial evidence.[3] Plaintiff argues that reaching necessarily includes above-the-shoulder work. Beyond the fact that it is pure speculation to

---

[3] The Court notes that the section of the DOT description that includes the "reaching" reference appears to come from the Selected Characteristics of Occupations, a companion volume to the DOT. Nonetheless, this information does appear when accessing the DOT via Westlaw. (See Attachment B to Pl.'s Mem. at 3; Doc. #18-4.)

surmise that the DOT's use of the term "reaching" would always include reaching above-the-shoulder, the Court has actually reviewed the task element statements and "may" items for security guard work provided in the DOT listing and has not found that any of these duties would necessarily require above-the-shoulder work, even though many would require reaching. Accordingly, the Court finds that there was no error in determining that Plaintiff retained the capacity to perform the work of a security guard, despite his shoulder limitations.

## IV.     CONCLUSION

The ALJ applied the proper law and his decision was supported by substantial evidence. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment [Doc. #18] and **GRANTS** Defendant's cross-motion for summary judgment [Doc. #21]. The Clerk shall enter final judgment affirming the ALJ's denial of disability insurance benefits.

**IT IS SO ORDERED.**

DATED: September 27, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge